**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X    Case No.
ROSEMARY GLASER, on behalf of herself
individually and all others similarly situated,

                                          Plaintiff,

                                                                      **CLASS ACTION**
              -against-                                               **COMPLAINT**


PENTAGROUP FINANCIAL, LLC.

                                          Defendant.
-------------------------------------------------------------------X

              Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, upon

knowledge as to herself and her own acts, and as to all other matters upon information

and belief, brings this complaint against above-named defendant and in support thereof

alleges the following:

                                   INTRODUCTION

              1.      This is an action for damages brought by an individual consumer

and on behalf of a class for defendant's violations of the Fair Debt Collection Practices

Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging

in abusive, deceptive and unfair acts and practices.

              2.      That, further, this is an action for damages and injunctive relief

brought by an individual consumer against defendant pursuant to New York General

Business Law ("NYGBL") § 349 regarding defendant's deceptive acts and practices.

JURISDICTION AND VENUE

3.     That this Court has federal question jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

4.     That this Court has venue pursuant to 28 U.S.C. § 1391(b), in that plaintiff resides in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

PARTIES

5.     That plaintiff is a natural person who resides in this District.

6.     That plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3) in that defendant alleged that plaintiff was obligated to pay a debt that defendant sought to collect from plaintiff which was originally incurred for personal, family or household purposes to Kia Motors.

7.     That the debt defendant sought to collect is a consumer debt within the meaning of 15 U.S.C. § 1692a(5).

8.     That plaintiff is a reasonable consumer who acted reasonably under the circumstances alleged herein.

9.     That defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6).

10.     That defendant uses the mail to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

11.     That upon information and belief, defendant is a foreign limited liability company incorporated in Texas.

## FACTUAL ALLEGATIONS

12.     That plaintiff re-alleges paragraphs 1-11 as if fully re-stated herein.

13.     That at some point in time plaintiff incurred a debt to Kia Motors for a Kia automobile.

14.     That at some subsequent point in time plaintiff communicated directly with Kia regarding her deteriorated financial circumstances and received assurances from Kia that the account with Kia was resolved with plaintiff owing no outstanding balance.

15.     That subsequent thereto Kia alleged that the debt fell into default.

16.     That thereafter a certain debt collector communicated with plaintiff in an attempt to collect the debt.

17.     That plaintiff consulted with her attorneys at Fagenson & Puglisi concerning said debt collector's communications.

18.     That in or around May 2012, Ms. Puglisi wrote a letter to said debt collector on behalf of plaintiff.

19.     That in said letter Ms. Puglisi informed the debt collector that Fagenson & Puglisi represents plaintiff and that plaintiff was disputing the debt.

20.     That on information and belief, said debt collector informed the creditor of Fagenson & Puglisi's representation of plaintiff and that plaintiff was disputing the debt.

21.     That, thereafter, on or about December 12, 2012, defendant, by its employee Russell James, telephoned plaintiff on her cell phone in an attempt to collect the said debt.

22.     That during the telephone call, plaintiff informed Mr. James that she had an attorney regarding the matter and gave Mr. James the name of her attorney.

23.     That thereafter, by letters dated December 13, 2012 and January 5, 2013, defendant wrote to plaintiff at her home in an attempt to collect the same debt.

24.     That in said letters defendant stated that the current creditor of the debt was Hyundai Motor Finance Company.

25.     That the letter dated January 5, 2013 states, in pertinent part:

"There is a convenience fee of $9.95 charged for each check by phone or ACH transaction."

### AS AND FOR A FIRST CAUSE OF ACTION

FDCPA, §§ 1692c(a)(2), 1692e and 1692e(10)

26.     That plaintiff re-alleges paragraphs 1-25 as if fully re-stated herein.

27.     That on information and belief, at the time the creditor placed the Kia debt with defendant for collection, the creditor did inform defendant that plaintiff was represented by counsel in the matter of the collection of the debt.

28.     That in any event defendant had an affirmative duty to inquire of the creditor whether plaintiff was represented by counsel before defendant placed its telephone call to plaintiff and sent its letters to plaintiff.

29.     That defendant did not inquire of the creditor whether plaintiff was represented by counsel before defendant communicated with plaintiff directly.

30.     That defendant breached its affirmative duty by not inquiring of the creditor whether plaintiff was represented by counsel before defendant communicated with plaintiff directly.

31.    That, notwithstanding defendant's knowledge, gained from the creditor, that plaintiff was represented by counsel, defendant placed its telephone call to plaintiff and sent its letters to plaintiff.

32.    That, notwithstanding defendant's affirmative duty to inquire of the creditor whether plaintiff was represented by counsel before it communicated with plaintiff, defendant placed its telephone call to plaintiff and sent its letters to plaintiff.

33.    That defendant's conduct in communicating with plaintiff directly despite knowledge that she is represented by counsel is a violation of the FDCPA, including but not limited to § 1692c(a)(2).

34.    That defendant's conduct in communicating with plaintiff directly despite knowledge that she is represented by counsel constitutes a false, deceptive and misleading representation and means used by defendant in an attempt to collect the debt, and is a violation of the FDCPA, including but not limited to §§ 1692e and 1692e(10).

AS AND FOR A SECOND CAUSE OF ACTION

FDCPA, §§ 1692f, 1692f(1), 1692e, 1692e(2)(B), 1692e(5) and 1692e(10)

35.    That plaintiff re-alleges paragraphs 1-34 as if fully re-stated herein.

36.    That defendant's statement in its letter dated January 5, 2013 that

"[t]there is a convenience fee of $9.95 charged for each check by phone or ACH transaction."

is improper.

37.    That the convenience fee of $9.95 charged by defendant is not expressly authorized by any agreement that plaintiff has with Kia Motors.

38.   That the convenience fee of $9.95 charged by defendant is not permitted by any governing law.

39.   That defendant retains the convenience fee of $9.95 it charges for each check by phone or ACH transaction.

40.   That defendant retains at least a portion of the convenience fee of $9.95 it charges for each check by phone or ACH transaction.

41.   That defendant's statement in its collection letters of a convenience fee of $9.95 charged by defendant for each check by phone or ACH transaction is an attempt to collect an amount which is not expressly authorized by the agreement between plaintiff and Kia Motors or permitted by governing law, in contravention of the FDCPA, § 1692f(1).

42.   That defendant's statement in its collection letters of a convenience fee of $9.95 charged by defendant for each check by phone or ACH transaction constitutes an unfair and unconscionable means used by defendant in its attempt to collect a debt, in violation of the FDCPA, including but not limited to § 1692f.

43.   That, further, defendant's statement in its collection letters of a convenience fee of $9.95 charged by defendant for each check by phone or ACH transaction also falsely represents the compensation which may be lawfully received by defendant for the collection of the debt, in violation of the FDCPA, including but not limited to § 1692e(2)(B).

44.   That, further, defendant's statement in its collection letters of a convenience fee of $9.95 charged by defendant for each check by phone or ACH transaction constitutes a false, deceptive and misleading representation or means used

6

by defendant in connection with the collection of a debt, in violation of the FDCPA, §§ 1692e and 1692e(10).

45.     That, further, defendant's statement in its collection letters of a convenience fee of $9.95 charged by defendant for each check by phone or ACH transaction is a threat to take an action that cannot be legally taken, *viz.*, to charge a $9.95 fee for each check by phone or ACH transaction that is not authorized by any governing law or by the agreement between plaintiff and Kia Motors which created the alleged debt, and is therefore a violation of the FDCPA, § 1692e(5).

AS AND FOR A THIRD CAUSE OF ACTION

NYGBL § 349

46.     That plaintiff re-alleges paragraphs 1 to 45 as if fully re-stated herein.

47.     That defendant owed a duty to plaintiff to effect its collection of plaintiff's alleged debt with reasonable care.

48.     That each of defendant's statements and actions above-mentioned shows a lack of exercise of reasonable care in defendant's collection of the alleged debt.

49.     That, in particular, defendant's violation of plaintiff's right to counsel and defendant's false, deceptive and misleading statement regarding the collection of an unauthorized fee all demonstrate a failure on the part of defendant to exercise reasonable care in the collection of plaintiff's alleged debt.

50.     That defendant breached its duty to collect plaintiff's debt with reasonable care.

7

51.    That said deceptive and misleading acts and practices were committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

52.    That defendant's deceptive and misleading acts and practices were consumer-oriented, in that defendant has a practice of contacting consumers directly despite knowledge that the consumers are represented by counsel.

53.    That, further, each of the letters in which defendant included the improper statement regarding an unauthorized convenience fee of $9.95 is a form collection letter which defendant sends to hundreds, if not thousands, of consumers in New York State each month.

54.    That defendant's said conduct has a broad impact on consumers at large whose accounts are placed with defendant for collection.

55.    That defendant's conduct of contacting plaintiff directly despite knowledge that she is represented by counsel and defendant's statements in its letters to plaintiff regarding an unauthorized convenience fee of $9.95 are deceptive and misleading in a material way.

56.    That plaintiff is a reasonable consumer within the meaning of the NYGBL and acted reasonably under the circumstances of this case.

57.    That plaintiff suffered emotional distress, anxiety, upset, irritation, annoyance, a disturbance of her peace and tranquility, sleeplessness and confusion upon receiving defendant's telephone call and letters.

58.    That defendant violated NYGBL § 349(a) and is liable to plaintiff pursuant to NYGBL § 349(h).

8

CLASS ALLEGATIONS

59. That plaintiff re-alleges paragraphs 1-58 as if fully re-stated herein.

60. That this action is brought on behalf of plaintiff and the members of a class. The class consists of all persons who defendant's records reflect were sent debt collection letters within the State of New York within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as the letter defendant sent to plaintiff dated January 5, 2013; (b) the collection letter was sent to a consumer seeking payment of a consumer debt; (c) the collection letter was not returned by the postal service as undelivered; and (d) the letter contained violations of 15 U.S.C. §§1692e, 1692e(2)(B), 1692e(5), 1692e(10), 1692f and 1692f(1). The class does not include defendant or persons who are officers, directors or employees of defendant.

61. That the class shall be defined as follows:

*All natural persons residing within the State of New York to whom defendant sent a letter in an attempt to collect a consumer debt on behalf of Kia Motors or Hyundai Motor Finance Company, which letter contains a statement that there is a convenience fee of $9.95 charged for each check by phone or ACH transaction.*

62.    That pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A)    Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

(B)    There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA by including an improper statement in its collection letters regarding the collection of an unauthorized fee, in contravention of §§ 1692e, 1692e(2)(B), 1692e(5), 1692e(10), 1692f and 1692f(1).

(C)    The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D)    The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E)    Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of the class.

10

63. That a class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

64. That if the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

65. That communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

66. That as a result of the above violations, defendant is liable to plaintiff and the members of the class for damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a)     certifying a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(b)     awarding class members the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(c)     statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial;

(d)     reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

(e)     enjoining defendant from committing further deceptive and misleading acts and practices against plaintiff, pursuant to NYGBL § 349;

(f)     statutory damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(g)     actual damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(h)     reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349(h); and

(i)     for such other and further relief as may be just and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
        May 31, 2013.


_____/s/ Novlette R. Kidd_____
NOVLETTE R. KIDD, ESQ.
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212)268-2128
Nkidd@fagensonpuglisi.com